## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **TRAVIS WAYNE GOODSELL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECUSE AND ADOPTING AND APPROVING REPORT AND RECOMMENDATION**<br><br><br>**Case No. 2:19-cv-711**<br><br>**Judge Clark Waddoups** |

On November 25, 2019, Plaintiff Travis Wayne Goodsell, proceeding *in forma pauperis*, filed a *pro se* Amended Complaint (ECF No. 10) in this action against Defendant the Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("Defendant"). Mr. Goodsell's Amended Complaint sets forth numerous counts of alleged wrongdoing by Defendant. This case was assigned to Magistrate Judge Evelyn Furse (ECF No. 5) and then reassigned to Magistrate Judge Daphne A. Oberg. (ECF No. 20). Pending in this action are three motions: Mr. Goodsell's Motion for Summary Judgment (ECF No. 13), Defendant's Motion to Dismiss the Amended Complaint (ECF No. 17), and Mr. Goodsell's Motion for Immediate Final Judgment for Plaintiff with Prejudice (ECF No. 29).

On July 6, 2020, Judge Oberg issued a Report and Recommendation (ECF No. 33) recommending that Mr. Goodsell's Motion for Summary Judgment and Motion for Immediate Final Judgment be denied and that Defendant's Motion to Dismiss be granted. After reviewing the pending motions and thoroughly analyzing the claims set forth in the Amended Complaint, Judge Oberg concluded that Mr. Goodsell's claims were frivolous.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, Mr. Goodsell had fourteen (14) days to file objections to Judge Oberg's Report and Recommendation. On July 13, 2020, Mr. Goodsell filed his Objection to Report and Recommendation (ECF No. 33) (the "Objection"). Pursuant to 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of [Judge Oberg's Report and Recommendation] or specified proposed findings or recommendations [made in that Report] to which objection is made." But rather than making objections as to any certain "portions of the report or specified proposed findings or recommendations," Mr. Goodsell's Objection is primarily an ad hominem attack on Judge Oberg that repeatedly accuses her of being biased for Defendant and against Mr. Goodsell. After applying an extremely generous reading of Mr. Goodsell's Objection,[1] the court can only find once instance where Mr. Goodsell has potentially raised an objection that would trigger de novo review: his argument that his Amended Complaint presents sufficient facts to show that his RICO claim is not frivolous. For the reasons set forth herein, Judge Oberg's Report and Recommendation is **HEREBY APPROVED OF AND ADOPTED**.

## <u>LEGAL STANDARD</u>

The court hereby adopts the legal standard recognized by Judge Oberg:

> Whenever the court authorizes a party to proceed *in forma pauperis*, the court may "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under this statute, the court employs the same standard used for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

---

[1] As recognized below, because Mr. Goodsell is proceeding *pro se*, the Court construes his filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). At minimum, the plaintiff must "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

To avoid dismissal, a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a motion to dismiss, the court accepts as true the well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (*citing Twombly*, 550 U.S. at 555). A complaint survives a motion to dismiss only if it states a plausible claim for relief, although courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*. at 1215.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may "dismiss a claim based on an indisputably meritless legal theory" and dismiss "claims whose factual contentions are clearly baseless." *Id*. at 327. Factual contentions qualify as baseless when the facts alleged depict "fantastic or delusional scenarios" that "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotation marks omitted).

Because Mr. Goodsell proceeds *pro se*, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a *pro se* plaintiff must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)

(*quoting Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a *pro se* "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (*quoting Hall*, 935 F.2d at 1110). While the court must make some allowances for "the [*pro se*] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## DISCUSSION

As disused above, Mr. Goodsell's Objection is little more than a lengthy accusation that Judge Oberg is biased in favor of Defendant and against Mr. Goodsell. The only substantive objection that the Objection contains is to Judge Oberg's finding that his RICO claims were frivolous and should therefore be dismissed. While pursuant to 28 U.S.C. § 636(b)(1)(C), only the finding that the RICO claims are frivolousness requires de novo review, the court has nonetheless reviewed de novo the merits of each of Mr. Goodsell's claims.

### A.  **Mr. Goodsell's Motion for Recusal was properly denied as moot as to Judge Oberg and is herein denied as to the undersigned.**

As an introductory matter, on January 10, 2020, Mr. Goodsell filed a Motion for Recusal (ECF No. 12) that demanded that both Judge Furse and the undersigned recuse from this case. After this matter was reassigned from Judge Furse to Judge Oberg, and Judge Oberg entered an Order denying the Motion for Recusal as moot. (ECF No. 21). While the undersigned agrees it was proper for Judge Oberg to do so, it recognizes that Mr. Goodsell's argument that the undersigned should recuse himself from this case has never been addressed. This being the first time the undersigned has ruled in this case, it takes this opportunity to first address Mr. Goodsell's Motion for Recusal (ECF No. 12) and hereby **DENIES** the same.

Pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(1), a judge must disqualify himself if "his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party."  A district judge "must recuse himself when there is the appearance of bias, regardless of whether there is actual bias," and the test for determining whether an appearance of bias exists is 'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'"  *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) (citations omitted).  However, "[o]n the other hand, a judge also has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require,'" and as such, "[t]he recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice."  *Id.* (citations omitted).  Whether a judge should recuse himself is "'extremely fact driven.'"  *Id.* (citations omitted).  Here, Mr. Goodsell makes two arguments as to why the undersigned should recuse himself from this matter—because he is "soft on white collar crime" and because he is a member of the Church of Jesus Christ of Latter-day Saints, the religion with which Defendant is affiliated.

The Tenth Circuit has recognized "various matters arising in cases . . . which will not ordinarily satisfy the requirements for disqualification."  *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).  Included in that list are "(1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of

charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge

by a party; (6) reporters' personal opinions or characterizations appearing in the media, media

notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge

or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or

other attempts to intimidate the judge." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

In his first argument for recusal, Mr. Goodsell asserts that a Wikipedia page "discusses a

case decided by Judge Waddoups in December 2009, in which he gave the appearance of going

'soft' on white collar crimes, by Issuing probation and not Prison time for [the defendant]."

(ECF No. 12 at 2). He then argues that the undersigned should recuse from this case because it

"involves accusations of White Collar Crime against the Corporation of the President of the

Church of Jesus Christ of Latter-Day Saints" an issue that "Judge Waddoups has the Appearance

of being unable to uphold the integrity and independence of the Judiciary." (ECF No. 12 at 2).

The basis for Mr. Goodsell's request for recusal is merely a "characterization[] appearing in the

media . . . which [is] in fact false or materially inaccurate or misleading," or, at most, an

allegation that the undersigned, "has previously expressed an opinion on a point of law." Either

way, it is insufficient to require recusal here.

Mr. Goodsell's second, and more substantial, grounds for recusal, is substantively

identical to that which was raised against the judge in *Bryce v. Episcopal Church in the Diocese

of Colorado*, 289 F.3d 648, 660 (10th Cir. 2002), that the judge's "membership in [the

defendant] church alone creates an appearance of bias" that requires his recusal himself because

he is a member of the religious organization that was the defendant in the case. The Tenth

Circuit explicitly rejected that argument, recognizing that "courts have consistently held that

membership in a church does not create sufficient appearance of bias to require recusal." *Id*.

(citations omitted).  The court noted with approval the decision of another district court that in such a situation, recusal is not necessary as "'religious beliefs or membership affiliation are presumed not to be relevant.'"  *Id.* (citation omitted).  Given the irrelevance of the undersigned's religious beliefs or membership affiliation, the court finds that no "reasonable person, knowing all the relevant facts, would harbor doubts about the [undersigned's] impartiality" and therefore **DENIES** Mr. Goodsell's Motion for Recusal (ECF No. 12).  *See id.* at 659.

### B. <u>After conducting a de novo review of the record, the court agrees that the claims asserted in Mr. Goodsell's Amended Complaint are frivolous.</u>

Mr. Goodesll's Amended Complaint sets forth approximately 46 counts against Defendant, best organized by the nine statutes under which they are asserted.  Plaintiffs' Conspiracy to Interfere with Civil Rights Claims are brought under 42 U.S.C. § 1985; his Racketeering (or "RICO") claims are brought under 18 U.S.C. § 1961; his Treason claims are brough under 18 U.S.C. § 2381; his War Crimes claims are brought under 18 U.S.C. § 244; his Polygamy claims are brought under 1 U.S.C. § 7; his Deprivation of Rights claims are brought under 18 U.S.C. § 242; his Damage to Religious Property claims are brought under 18 U.S.C. § 247; and his Hate Crime claims are brought under 18 U.S.C. § 249.  In its Motion to Dismiss (ECF No. 17), Defendant moved to dismiss each of these claims as being, among other things, frivolous.

As discussed above, to avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan*, 762 F.3d at 1104 (quotations and citation omitted).  This requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotations and citation omitted).  Further, "a plaintiff must offer specific factual allegations to support each

claim." *Kan. Penn Gaming, LLC*, 656 F.3d at 1214.  When a complaint "lacks an arguable basis either in law or in fact," it is frivolous and should be dismissed.  *Neitzke*, 490 U.S. at 325.

Mr. Goodsell's claims for RICO violations, Treason, War Crimes, Deprivation of Rights, Damage to Religious Property, and Hate Crime are all being asserted under criminal statutes. Pursuant to 28 U.S.C. § 547, it is the exclusive duty of "each United States attorney" to prosecute crimes "within his district."  Mr. Goodsell therefore lacks the authority to bring criminal charges against Defendant.  *See Liverman v. Bush*, 213 F. App'x 675, 677 (10th Cir. 2007) (recognizing that "'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another'" (citations omitted)); *see also Martinez v. Ensor*, 958 F. Supp. 515, 518 (D. Colo. 1997) (dismissing as meritless plaintiff's claims asserted "pursuant to criminal statutes" as "'[c]riminal statutes can be enforced only by the proper authorities of the United States government, such as United States attorneys'" (citations omitted)).  Because Mr. Goodsell lacks the authority to assert the claims he brings in his claims for RICO violations, Treason, War Crimes, Deprivation of Rights, Damage to Religious Property, and Hate Crimes, those claims lack "an arguable basis . . . in law" and are thus frivolous.  *See Neitzke*, 490 U.S. at 325.

While the Racketeer Influenced Corrupt Organizations Act (RICO) provides a civil cause of action, Mr. Goodsell's RICO claims fail to plead such a claim.  "To prevail on [a] civil RICO claims in this case, 'plaintiffs must show (1) a substantive RICO violation under [18 U.S.C.] § 1962, (2) *injury to the plaintiff's business or property*, and (3) that such injury was by reason of the substantive RICO violation."  *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 83 (2d Cir. 2015) (emphasis added); *see also Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir. 2014) ("RICO provides a private right of action in federal court for individuals *injured in their business or property through fraudulent conduct*."  (emphasis added).

Here, Mr. Goodsell's RICO claims focus on, and attempt to remedy, the alleged harm that Defendant has caused to society but fail to show that *his* business or property was injured. Indeed, the portion of his Objection devoted to his RICO claims focuses on his assertion that he has established that Defendant falls under § 1961(4) of RICO but fails to allege that his business or property was injured by Defendant.  (See ECF No. 33 at 10–11).  Mr. Goodsell's civil RICO claims therefore lack "an arguable basis either in law or in fact," and is thus frivolous.  *See Neitzke*, 490 U.S. at 325.

Mr. Goodsell's claim for Polygamy is brought pursuant to 1 U.S.C. § 7.  That statute can be found under the "Rules of Construction" Chapter of Title 1 of the United States Code, "General Provisions."  The statute is designed to aid those attempting to "determine[e] the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States"; it does not provide a private cause of action that can be asserted against a party that is accused of defining the term "marriage" differently.  *See* 1 U.S.C. § 7.  Moreover, as Judge Oberg recognized, that statute was held unconstitutional by the Supreme Court in *U.S. v. Windsor*, 570 U.S. 744 (2013) and is thus no longer in force or effect.  Mr. Goodsell's Polygamy claim is therefore frivolous.

Mr. Goodsell's final claim is for Conspiracy to Interfere with Civil Rights Claims pursuant to 42 U.S.C. § 1985.  That statute contains three separate provisions, and each governs a separate cause of action.  While Mr. Goodsell's Amended Complaint copies 42 U.S.C. § 1985 in full, it fails to allege under which provisions he is alleging Defendant is liable.  While this ambiguity alone provides sufficient grounds for Mr. Goodsell's § 1985 claim to be dismissed, the court notes that the claim is frivolous regardless of which provision controls it.

Necessary for a § 1985 action, whether brought under §§ 1985(1), (2), or (3), is proof of a conspiracy. *See Matthews v. Int'l House of Pancakes, Inc.*, 597 F. Supp. 2d 663, 674 (E.D. La. 2009) ("At a minimum, a claim under § 1985 must allege a factual basis for the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient. (citing *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir.1988)). A conspiracy requires "'the combination of two or more persons acting in concert,'" and in order to establish that Defendant was a part of one, Mr. Goodsell must allege "'either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants.'" *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994) (citations omitted). Here, the Amended Complaint fails to allege with whom Defendant allegedly conspired or what they agreed to do. As such, Mr. Goodsell has failed to show that Defendant was part of a conspiracy, and as such, his Conspiracy to Interfere with Civil Rights Claims is frivolous.

In sum, after conducting an independent, *de novo*, review of the record of this matter, the court finds that each of Mr. Goodsell's claims "lacks an arguable basis either in law or in fact" and is therefore frivolous. *Neitzke*, 490 U.S. at 325. The facts pled by Mr. Goodsell simply do not support the claims he asserts in his Amended Complaint. The undersigned therefore **APPROVES OF AND ADOPTS** Judge Oberg's Report and Recommendation, and, as such, **GRANTS** Defendant's Motion to Dismiss (ECF No. 17), and **DISMISSES** Mr. Goodsell's Amended Complaint **WITH PREJUDICE**.

### C.  The court adopts Judge Oberg's recommendation to deny Mr. Goodsell's Motion for Summary Judgment.

Mr. Goodsell's Motion for Summary Judgment (ECF No. 13) argues that he is entitled to summary judgment in this case because Judge Furse and the undersigned failed to rule on his

Motion for Recusal within ten days of filing.  In her Report and Recommendation, Judge Oberg analyzed Mr. Goodsell's motion and determined it should be denied as being insufficiently pled and frivolous.  As discussed above, because Mr. Goodsell's Objection did not contain any specific objections to this finding, the court need not review Judge Oberg's recommendation de novo.

The court agrees with Judge Oberg's recommendation that Mr. Goodsell's Motion for Summary Judgment be denied as frivolous and **HEREBY DENIES** that motion.  Mr. Goodsell's motion is premised on his argument that under Rule 27 of the Federal Rules of Civil Procedure, the undersigned was required to respond to his Motion for Recusal within ten (10) days, and that by failing to respond by that time, the undersigned has conceded to the motion.  Rule 27 governs the time that the *parties to a matter* have to file pleadings.  It does not apply to the court or the specific judge presiding over a matter.  Mr. Goodsell's argument is therefore frivolous and fails.  Moreover, as discussed above, Mr. Goodsell's Motion for Recusal (ECF No. 12) is baseless and is denied herein.

### D. <u>The court adopts Judge Oberg's recommendation to deny Mr. Goodsell's Motion for Immediate Final Judgment for Plaintiff with Prejudice.</u>

Finally, in his Motion for Immediate Final Judgment for Plaintiff with Prejudice (ECF No. 29), Mr. Goodsell argues that he is entitled to judgment under 18 U.S.C. § 1512.  Judge Oberg recommended that this motion be denied on the basis that 18 U.S.C. § 1512 is a criminal statute relating to tampering with a witness, victim, or informant and does not provide a basis for final judgment in a civil case.  Judge Oberg also recognizes that "Mr. Goodsell is not entitled to entry of a final judgment in his favor since he states no plausible claim for relief in this case." (ECF No. 30 at 31–32).  As discussed above, because Mr. Goodsell's Objection did not contain any specific objections to these findings, the court need not review Judge Oberg's

recommendation de novo.  The court agrees with Judge Oberg's recommendation that Mr.
Goodsell's Motion for Immediate Final Judgment for Plaintiff with Prejudice be denied as
frivolous and **HEREBY DENIES** that motion.  Judge Oberg is correct that Mr. Goodsell is not
entitled to relief under 18 U.S.C. § 1512 and that, as discussed above, Mr. Goodsell has failed to
set forth a plausible claim for relief in this case.

     E.  **The court has considered Mr. Goodsell's *Ex-Parte* communications.**

     After filing his Objection, Mr. Goodsell has sent the court seven *ex-parte* emails, all of
which have been entered onto the docket in this matter.  (*See* ECF Nos. 34, 35, 36, 37, 38, 39,
40).  In reviewing this matter and preparing this Memorandum Decision and Order, the court has
reviewed and considered these communications.  The court further notes that a number of these
communications involve a threatened and/or pending eviction against Mr. Goodsell.  To the
extent Mr. Goodsell has submitted such communications, and the facts and records contained
therein, to seek relief from said eviction, the court notes that such request for relief is not
properly before it, as the court has no jurisdiction over the eviction matter.

## CONCLUSION

     For the reasons discussed herein, Mr. Goodsell's Motion for Recusal (ECF No.12) is
**HEREBY DENIED**, and Judge Oberg's Report and Recommendation (ECF No. 30) is
**HEREBY APPROVED OF AND ADOPTED**.  Mr. Goodsell's Motion for Summary Judgment
(ECF No. 13) and Motion for Immediate Final Judgment for Plaintiff with Prejudice (ECF No.
29) are **HEREBY DENIED**; Defendant's Motion to Dismiss the Amended Complaint (ECF No.
17) is **HEREBY GRANTED**; and Mr. Goodsell's Amended Complaint (ECF No. 10) is
**HEREBY DISMISSED WITH PREJUDICE**.

DATED this 10th day of August, 2020.

BY THE COURT:

Clark Waddoups
United States District Judge